UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24727-CIV-SIMONTON

LUIS ORLANDO SENSAT,

       Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

       Defendant.

_____/

## AMENDED ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA)[1]

This matter is before the Court upon the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (EAJA), ECF No. [37]. The Defendant Nancy A. Berryhill[2], ("Defendant"), Acting Commissioner of Social Security Administration, has filed an Opposition to the Motion, and the Plaintiff has filed a Reply, ECF Nos. [38] [39]. Based upon the consent of the parties, the Honorable Kathleen M. Williams, United States District Judge, has referred the matter to the undersigned to take all necessary and proper action as required by law, through and including trial by jury and entry of final judgment, ECF Nos. [20] [21].

---

[1] This Order is amended only to reflect a correction to the hourly rate for 2017 from $195.57 to $195.73 and the adjusted total award to reflect that correction.

[2] On January 23, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is automatically substituted as the Defendant in this case.

**For the reasons stated below, the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (EAJA), ECF No. [37], is GRANTED, in part, and DENIED, in part. The Plaintiff is awarded $12,955.76 in attorney's fees and costs.**

**I.  PROCEDURAL BACKGROUND**

**On February 1, 2012, the Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability beginning January 23, 2012. (R. 236).[3] The Plaintiff also filed a Title XVI application for supplemental security income on the same date. (R. 230). The Plaintiff's claims were denied initially and upon reconsideration at the administrative level.  Having exhausted all administrative remedies, Plaintiff filed a Complaint in this Court seeking judicial review of the administrative proceedings pursuant to 42 U.S.C. §405(g). ECF No. [26]. Ultimately, the Court granted the Plaintiff's Motion for Summary Judgment, denied the Defendant's Motion for Summary Judgment and remanded the matter to the Commissioner pursuant to 42 U.S.C § 405(g) for further administrative proceedings.   The instant Motion followed.**

**II.  MOTION FOR ATTORNEY'S FEES**

**In the Motion at bar, the Plaintiff seeks to recover attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $22,195.78 representing 113.4 hours at an hourly rate of $195.73 for worked performed by Plaintiff's Counsel Joseph Teplicki on this matter, ECF No. [37].  In support of Plaintiff's Motion, Plaintiff has submitted an Attorney's Affidavit Regarding Fees which includes Plaintiff's Counsel's billing records documenting the work that Counsel performed in this matter for the years 2015, 2016 and 2017, ECF No. [37-2]. Plaintiff requests that any EAJA fees to**

---

[3] **The letter "R", followed by a page number is used to designate a page in the Administrative Record, which is contained in ECF No. [23].**

which Plaintiff may be entitled, be ordered to be paid directly to Plaintiff's attorney, ECF No. [37-1] at 4.[4]

The Defendant has filed an opposition to the Motion seeking to reduce the amount of any attorney's fees awarded to the Plaintiff, ECF No. [38]. Defendant argues that the number of hours billed by Plaintiff's Counsel for work performed briefing and responding to the Motions for Summary Judgment are excessive and redundant. Defendant further argues that Plaintiff's Counsel improperly seeks to be compensated for clerical tasks. Further, Defendant contends that the amount of time spent by Counsel on preparing the initial EAJA petition and reply thereto is also excessive. Defendant therefore asserts that the hours awarded to Plaintiff for Plaintiff's Counsel's work should be reduced by 74.15 hours, from the 113.4 hours requested by Plaintiff to 39.25 hours, ECF No. [38] at 9.

Defendant also argues that the hourly rate sought by Plaintiff's Counsel should be reduced to reflect the reasonable rate for each of the three years that work was performed on this case, rather than the 2017 rate applied by the Plaintiff for all years.

In Reply, the Plaintiff disputes that the number of hours spent by Plaintiff's Counsel on prosecuting this case is excessive, ECF No. [39]. Further, Plaintiff requests that, in addition to the hours sought in the initial Motion, his counsel be compensated for the hours worked related to preparing a reply to the Defendant's opposition, ECF No. [39-4]. In support of this request, the Plaintiff has submitted an Addendum to the Attorney's Fees Affidavit Regarding Fees, which seeks a total of $24,632.62 representing a total of 125.85 hours of work performed at an hourly rate of $195.73, ECF No. [39-4] at 6.

---

[4] Attached to the Complaint is a "Power of Attorney to Obtain, Collect and Cash EAJA Fees", which was signed by the Plaintiff on December 23, 2015, and states, among other things, that Plaintiff's attorney, Joseph Teplicki is appointed to recover sums paid to Plaintiff pursuant to the EAJA, ECF No. [1-7].

3

### III. LEGAL FRAMEWORK

The EAJA provides that a court "shall" award costs and attorney's fees to a party who prevails against the United States in a non-tort civil action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has held that a party who obtains a sentence-four remand reversing the Commissioner's denial of benefits, like the Plaintiff in this action, is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).[5]

The EAJA provides for recovery of "reasonable attorney's fees." 28 U.S.C. § 2412(d)(2)(A). The fee applicant bears the burden to establish that the hours for which fees are sought were "reasonably expended on the litigation." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 435 (11th Cir. 1999) (quotation marks omitted). Reasonable hours are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). In the Eleventh Circuit, "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988).

"[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins*, 847 F.2d at 738. "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that

---

[5] Where a claimant seeks review in a federal court of the Commissioner's final decision, the district court may remand the case to the Commissioner using two methods under 42 U.S.C. § 405(g): "sentence four" remands and "sentence six" remands. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F. 3d 1251, 1261 (11th Cir. 2007). Sentence four and sentence six remands serve different purposes. *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir.1996). "[A] sentence-four remand is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits," whereas "[a] sentence-six remand does not result from any error by the Commissioner." *Id*. The matter *sub judice* was remanded to the Commissioner as a sentence-four remand.

excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A trial court is "itself an expert" on reasonable rates, may consider its own "knowledge and experience" concerning reasonable rates, and may "form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

IV. **ANALYSIS**

A. *Entitlement to Award of Attorney's Fees*

In this case, the Parties do not dispute that the Plaintiff is entitled to an award of attorney's fees pursuant to the EAJA. The Plaintiff sought a review of the ALJ's denial of his Social Security application, the Court remanded the action to the Commissioner pursuant to sentence four of 42 U.S.C. 405(g), and the Commissioner's position was not substantially justified.[6] Thus, the Plaintiff has satisfied the requirements under the EAJA for an award of reasonable attorney's fees. The Parties, however, disagree as to the whether Plaintiff's Counsel billed a reasonable number of hours in this action, and whether the hourly rate sought by Plaintiff's Counsel is also reasonable and in compliance with the EAJA. The undersigned addresses each area of contention, in turn.

B. *Reasonableness of Hours Billed by Plaintiff's Counsel*

1. Hours Billed for Work Related to Summary Judgment Briefing

In the Motion, Plaintiff's Counsel seeks to be compensated for 41.3 hours for work performed in preparing Plaintiff's Motion for Summary Judgment, and 46 hours for preparing the response to the Defendant's Motion for Summary Judgment. The Defendant argues that the Plaintiff's request for compensation for 41.3 hours for

---

[6] The written opposition is silent as to whether the Defendant contends that the Commissioner's position was substantially justified in this case. The undersigned therefore assumes that the Defendant does not dispute that the Plaintiff has established this EAJA prerequisite.

5

preparing a 20-page brief, which includes 16 pages of argument, is excessive and redundant. Defendant similarly contends that the Plaintiff's request for 46 additional hours to research and write the response to the Commissioner's Motion for Summary Judgment is excessive because it largely reiterates Plaintiff's earlier arguments.

The undersigned agrees with the Defendant as much of the time billed by Plaintiff's Counsel in this action was for work that had already been completed and submitted at the administrative level. In reaching this conclusion, the Court has compared the Plaintiff's (then-Claimant's) Request for Review of Administrative Law Judge's Notice of Decision filed on May 21, 2014 at the administrative level, with the Plaintiff's Motion for Summary Judgment, Plaintiff's Response In Opposition to Defendant's Motion for Summary Judgment, and Reply to Plaintiff's Motion for Summary Judgment filed in this action. *See* R. at 347-360, ECF Nos. [24] [33]. Based upon that review, it is clear that many of the hours claimed by Plaintiff's Counsel for research and writing related to the dispositive motion briefing in this case was completed and used for briefs submitted by Counsel at the administrative level, prior to this action being filed. By way of example, pages 1-2 of the Request for Review discuss the ALJ's determination regarding the Claimant's severe impairments and are substantially similar to the pages 4-5 of the Motion for Summary Judgment filed in this case. *See* (R. 347-348), ECF No. [24] at 4-5. A comparison of these two passages highlights the fact that much of the Summary Judgment argument presented by the Plaintiff in this action was merely cut and pasted, with minor modifications, from the administrative level submission. The undersigned has not matched up every line and word of the two documents, but even a cursory review of the two makes clear that Plaintiff's Counsel's expenditure of 41.3 hours on preparing the Motion for Summary Judgment was wholly unreasonable. The undersigned recognizes that the Motion for Summary Judgment includes *some* additional arguments and citation to medical records. However, those sections are

relatively short. In addition, the one and one-half page of Statement of Facts contained in the Motion for Summary Judgment contains information related to the Plaintiff's High School grades and an assault on the Plaintiff that were not included in the administrative Request for Review. Nonetheless, the substantive arguments advanced by the Plaintiff in the remaining sixteen pages of the Motion for Summary Judgment are largely the same as those raised in the Request for Review with minor substitutions to reflect that Plaintiff's claims are now being pursued in federal court.[7] Thus, the undersigned estimates (conservatively) that well over 50% of the summary judgment brief had already been drafted and submitted as part of the "Request for Review" at the administrative level.[8] A review of the Plaintiff's Opposition to the Defendant's Motion for Summary

---

[7] In the action before this Court, the Plaintiff challenged the ALJ's determination on seven different grounds as follows:

1) The ALJ did not consider all of the Plaintiff's impairments nor all of the relevant evidence, and the ALJ did not correctly understand and evaluate the Plaintiff's testimony; 2) Substantial evidence of record does not support the ALJ's finding that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments; 3)The ALJ's residual functional capacity determination does not comply with Social Security Ruling 96-8P; 4) The ALJ did not state what weight, if any, he gave to the psychoeducational evaluation report from Michael Quiroga, Ph.D.; 5) The ALJ refused to help fully develop the record and took an adversarial role in what is supposed to be a non-adversarial proceeding; 6) The substantial evidence of record does not support the ALJ's credibility determination regarding the Plaintiff; 7) The substantial evidence of record does not support the ALJ's finding that there are jobs that exist in significant numbers that the Plaintiff can perform. ECF No. [245].

These challenges closely track the eight challenges raised at the administrative level. See (R. 347-360).

[8] The undersigned is aware that the Eleventh Circuit has determined that, in certain instances, a reasonable number of attorney hours may be expended in preparation of the civil action before filing the complaint and those hours may be compensable under EAJA. *See Pollgreen v. Morris*, 911 F.2d 527, 534–36 (11th Cir. 1990) (wherein the court remanded the case to the district court, in part, because some of the attorney hours spent prior to the filing of the action in federal court might be "linked to the preparation of the civil action in federal court" and possibly payable under EAJA). In the case at bar, there are no hours billed for dates on which administrative work was performed. Thus, here, the issue is not that Counsel seeks to be compensated for work performed at the administrative level, but rather, that the number of hours billed for work in this case is

7

Judgment, for which Plaintiff's Counsel billed 46 hours, yields a similar conclusion. In particular, much of the argument contained in the twenty-two pages of the Plaintiff's Opposition is devoted to restating what the Defendant stated in the Defendant's Opposition to the Plaintiff's Motion for Summary Judgment, and/or was already stated in the Plaintiff's own Motion for Summary Judgment and/or included in the Request for Review submitted at the administrative level.  Further, despite the fact that Plaintiff's Counsel indicates that many of the hours reflected in the billing statements were for performing research, both briefs filed by the Plaintiff contained relatively little case law, save those portions that set forth the Scope of Review in the Plaintiff's Motion for Summary Judgment, and that section of the Opposition to the Defendant's Motion for Summary Judgment that discusses Listing 12.05, and the case cited by Defendant related to that Listing. *See* ECF No. [33] at 9-10.

Based upon the foregoing, the Court concludes that the 87.3 hours in attorney's fees sought by Plaintiff related to the summary judgment briefing by the Parties is wholly unreasonable.  The undersigned will therefore make an approximately 55% across the board cut to the hours requested by Plaintiff's Counsel for time spent preparing Plaintiff's Motion for Summary Judgment and responding to the Defendant's Motion for Summary Judgment.  Accordingly, the Court will award a total of 39.29 hours (reflecting a 48.01 hour reduction) for time spent on summary judgment briefing, rather than 87.3 hours requested by the Plaintiff.  The amount of time awarded is the most that could be considered a reasonable amount of time for this task.

---

unreasonable given that the work had already been completed at the administrative level, and was simply, in large part, resubmitted to this Court.  The undersigned notes that even if no work had been performed at the administrative level, the number of hours billed are excessive.

### 2. Hours Billed for Clerical Tasks

The Defendant contends that Plaintiff is not entitled to recover for clerical work performed by Plaintiff's Counsel. Defendant identifies specific tasks set forth in the billing records totaling 17.5 hours as being non-compensable, ECF No. [38] at 6-7. In response, the Plaintiff contends that most or all of the items cited by Defendant are not clerical or secretarial tasks, ECF No. [39] at 10.

The undersigned has reviewed the specific tasks and concludes that most of the 17.5 hours designated by Defendant are not clerical but rather involve work that is normally performed by an attorney. For example, those billing entries that include review and preparation of the complaint, obtaining documents for initiating federal court proceedings, telephone conferences with the Plaintiff, and/or reviewing documents relevant for prosecuting the Plaintiff's claims are not tasks that are merely clerical in nature, but rather reasonably would require an attorney's skill. In comparison, those billing entries that *only* involve filing documents and downloading and saving documents are solely clerical, and do not constitute attorney work that is compensable as part of an attorney's fee award.[9] Thus, the undersigned deducts a total of 2.2 hours for the strictly clerical tasks for billing entries on 12/26 and 12/29 in 2015, 4/2, 5/20, 6/14, 6/15, 7/2, 8/10 in 2016, and 3/31 in 2017.

### 3. Hours Billed for Work Related to IFP and Preparation of Initial Documents

As stated above, the Defendant challenges several of Plaintiff's Counsel's billing entries on the basis that they consist of clerical work rather than work typically performed by an attorney. Although the undersigned has determined that many of the

---

[9] Although the Eleventh Circuit Court of Appeals has recognized that fees for work by a paralegal may be recovered under the EAJA, such recovery is limited to work performed by a paralegal that is traditionally done by an attorney. *Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988).

tasks cited by the Defendant on this issue are not clerical, and reasonably may be considered work performed by an attorney, the undersigned finds that the number of hours spent on some of those tasks was excessive. Specifically, the number of hours that Plaintiff's Counsel spent on preparing the in forma pauperis ("IFP") application was unreasonable. The billing records reflect that Counsel spent 5.2 hours "Working on documents to initiate Federal Court Case, for Client to sign" related to the IFP, in addition to the other 4.05 hours for entries related to Plaintiff's Counsel's "working on documents to initiate Federal Court Case." ECF No. [37-2] at 1-2, [39-4] at 1-2.

The undersigned has reviewed the IFP filed in this case, which Plaintiff's Counsel describes as very detailed and long. The IFP only consists of two pages of a form Application that reflects the Plaintiff's monthly expenditures (approximate), the Plaintiff's then-employment for the year 2015, and a brief description of medical and personal bills owed, ECF No. [1-2]. Contrary to Plaintiff's Counsel's statements, the Court finds that the IFP, which other than fill in boxes, consists of 21 typed lines, is not very detailed nor long. Accordingly, the Court will reduce the 5.2 hours sought by Plaintiff's attorney related to work on the IFP by 2.0 hours as excessive, and will award Plaintiff's Counsel 3.2 hours for IFP-related work.

### 4. Hours Billed for Preparation of EAJA Fee Petition

The Plaintiff seeks to recover 6.8 hours for work performed by Plaintiff's Counsel on the initial EAJA petition and the supporting Attorney's Affidavit Regarding Fees, and an additional 12.45 hours for work performed on the Reply to Defendant's Opposition to the EAJA petition and the Addendum to Attorney's Affidavit Regarding Fees, ECF Nos. [37] [39]. Plaintiff thus seeks to recover 19.25 hours for work related to the EAJA fee petition. The Defendant contends that the number of hours sought for the preparation is

excessive and contends that the Plaintiff's request for 6.8 hours should be reduced by 4.8 hours.[10]

At the outset, the undersigned notes that the Eleventh Circuit has held that "fees for fees" are permitted as reasonable fees under the EAJA. *See Jean v. Nelson*, 863 F.2d 759, 779–80 (11th Cir. 1988). However, in this case, although it was reasonable to spend some time on the EAJA petition, spending nearly twenty hours on the EAJA fee petition is unreasonable under the facts of this case, and warrants a reduction. In particular, the initial petition and brief in support are relatively short, consisting of the print out of Counsel's billing records and a four page brief which generally discusses entitlement to fees under the EAJA and the discretion of the court to award an amount higher than the statutory limit based on a cost of living increase, ECF No. [37-1]. Based upon the Court's familiarity with fee petitions, and the number of hours typically spent on preparing those petitions, the Court finds that 4.8 hours on the initial petition (representing a two (2) hour deduction) is reasonable in this case. The undersigned recognizes that the Reply to the opposition to the initial petition was somewhat lengthy and required a careful examination and explanation of the hours expended that the Defendant challenged. Nonetheless, the Court concludes that 12.45 hours spent on the Reply was excessive, and based upon a thorough review of that filing, determines that 8 hours (representing a 4.45 hour deduction) is a reasonable amount of time to have spent working on the Reply. Accordingly, the Plaintiff is entitled to recover a total of 12.8 hours for work performed on the initial fee petition and reply to the Defendant's opposition to that petition.[11]

---

[10] The Defendant, who filed its opposition prior to the Plaintiff's request for additional compensation for work related to the EAJA Reply brief, refers to two different amounts of time (6.8 and 7.4 hours) billed by the Plaintiff for work performed related to the initial brief, ECF No. [38] at 7, 8. However, the billing sheets reflect that the Plaintiff only seeks to be compensated for 6.8 hours for the initial petition, ECF No. [39-4] at 5.

[11] The Plaintiff's citation to *Pupo v. Colvin*, Case No. 14-24299-CIV-Simonton (S.D. Fla. 2014), another social security case wherein Plaintiff's Counsel herein was awarded $9,736.35, following a remand of that action to the Commissioner, does not alter the

11

### C. *Hourly Rate*

The Defendant Commissioner also objects to the hourly rate requested by Plaintiff, ECF No. [38] at 9. The Defendant contends that Plaintiff's Counsel worked on this case for three years between 2015-2017, and thus asserts that the hourly rate of $195.73 calculated by Plaintiff incorrectly reflects cost of living adjustments only for 2017, rather than for each of the three years, separately. The Defendant contends that the hourly rate awarded to Plaintiff's Counsel should instead be $190.28 for 2015, 192.68 for 2016, and 195.73 for 2017, ECF No. [38] at 12.

The EAJA provides that: "The amount of fees awarded under this subsection shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ... (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Thus, the EAJA expressly provides for a cost of living adjustment. The Eleventh Circuit has made clear that the application of the cost-of-living adjustment is considered "next to automatic." *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n. 9 (11th Cir. 1992). The fee is adjusted for cost of living based on the time when the services were performed, not the time when the award is made. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 709–13 (D.C. Cir. 1997) (holding that, in light of the Supreme Court's decision in *Library of Congress v. Shaw*, 478 U.S. 310 (1986), a "current" period cannot be used); *Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994) (same); *Perales v. Casillas*, 950 F.2d 1066, 1074–77 (5th Cir. 1992) (same); *Chiu v. United States*, 948 F.2d 711, 718–22 (Fed. Cir. 1991) (same).

---

undersigned's determination. In that case, the Commissioner stipulated to the amount of fees sought by the Plaintiff and thus did not raise any objections to that amount. Here, the Commissioner has raised objections to the requested fees as being excessive on a number of grounds.

The market rate for attorneys in the Southern District of Florida clearly exceeded that statutory rate of $125.00 for the years 2015, 2016 and 2017. Thus, the Court must decide whether to adjust the statutory hourly fee above the statutory $125 hourly rate, to take into account the increase in the cost of living, or special factors. The Court agrees with Plaintiff that the hourly rate awarded to his counsel should be adjusted to reflect the cost of living that has occurred since the EAJA was reenacted in March 1996. However, the Defendant is correct that the hourly rate should be calculated to correspond to the cost of living for each year that the work was performed. Accordingly, Plaintiff's Counsel will be compensated at an hourly rate of $190.28 for work performed in 2015, $192.68 for 2016, and $195.73 for 2017.[12] Such rates are within the range of market rates for South Florida attorneys who represent plaintiffs in similar actions.

V. **LODESTAR CALCULATION**

The Plaintiff seeks to recover a total of 15.7 hours for work performed by Counsel during the year of 2015; seeks to recover 90.3 total hours for work performed in 2016, and seeks to recover 19.85 total hours for work performed in 2017, ECF No. [39-4]. Based

---

[12] The figure for 2015 is calculated by taking the "Annual" CPI rate for 2015 and subtracting from it the March 1996 rate (237.017 – 155.7 = 81.317) and then dividing that number by the March 1996 rate (81.317 ÷ 155.7 = 0.5223). These calculations result in the cost-of-living percentage increase from March 1996 through 2015. The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5223 × 125) + 125 = 190.29). For 2016, the figure is calculated by taking the "Annual" CPI rate for 2016 and subtracting from it the March 1996 rate (240.007 – 155.7 = 84.307) and then dividing that number by the March 1996 rate (84.307 ÷ 155.7 = 0.5415). The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ( (0.5415 × 125) + 125 = 192.69). For 2017, the figure is calculated by taking the "Annual" CPI rate for 2017 and subtracting from it the March 1996 rate (245.120 - 155.7 = 89.42) and then dividing that number by the March 1996 rate (89.42 ÷ 155.7 = 0.5743). The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5743 × 125) + 125 = 196.78). See Department of Labor, Bureau of Labor Statistics, available at http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited October 12, 2018). The 2017 amount exceeds the $195.73 per hour requested by the Plaintiff.

upon the deductions set forth above, the Court will award the Plaintiff 12.9 hours for 2015 (reflecting a .8 reduction for non-compensable clerical work and a 2.0 reduction for excessive billing related to the IFP); 40.99 for 2016 (reflecting a 1.3 reduction for non-compensable clerical work and a 55% or 48.01 hour reduction for excessive hours billed related to the summary judgment briefing); and 13.3 hours for 2017 (reflecting a .1 deduction for non-compensable clerical work and a 6.45 deduction for excessive hours billed on the EAJA Motion). Plaintiff is therefore awarded a total of 67.19 hours for work performed by Counsel in this matter, representing a total reduction of 58.66 hours for work that is non compensable or excessive.

Based on the foregoing, the Court calculates the lodestar for Plaintiff's Counsel as follows:

| Year of Work Performed | Number of Hours Reasonably Expended | Hourly Rate | Total |
| --- | --- | --- | --- |
| 2015 | 12.9 | $190.28 | $2,454.61 |
| 2016 | 40.99 | $192.68 | $7,897.95 |
| 2017 | 13.3 | $195.73 | $2,603.20 |
|  |  | **GRAND TOTAL:** | **$12,955.76** |

## VI.  CONCLUSION

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (EAJA), ECF No. [37], is GRANTED, in part, and DENIED, in part. The Plaintiff is awarded a total of $12,955.76 in attorney's fees and

costs.[13]  Plaintiff assigned the EAJA fees to Counsel, and there is no evidence that Plaintiff owes a debt to the government; accordingly, payment may be made directly to Plaintiff's Counsel.[14]

**DONE AND ORDERED** in chambers in Miami, Florida on October 22, 2018.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies provided via CM/ECF to:**
**All counsel of record**

---

[13] Pursuant to Fed. R. Civ. P. 58(a)(3), a separate judgment need not be issued for attorney's fees awards, and thus unless requested by the Parties, no separate judgment shall be issued.

[14] The undersigned is aware that the Anti-Assignment Act, 31 U.S.C. § 3727, generally forbids an assignment of the right to be paid directly from the United States Treasury, and mandates that an interest in a case cannot be assigned unless the requirements for the assignment enumerated in the Act are met. See United States v. Kim, 806 F.3d 1161, 1165–69 (9th Cir. 2015). However, the Government can waive the requirements of the Act. See Arthur Pew Const. Co. v. Lipscomb, 965 F.2d 1559, 1576 (11th Cir. 1992) (holding that the government may recognize the assignment of its obligations to another and waive the protection of anti-assignment statutes if it chooses). Here, the Government has not objected to Plaintiff's request that payment be directly made to Counsel, and has not even addressed Plaintiff's Counsel's request in the Opposition.  Accordingly, even though the Assignment affixed to Plaintiff's Complaint was clearly executed prior to the Plaintiff's claim being allowed and the amount of claim being decided, as required by the Act, the undersigned concludes that the Commissioner has waived the requirements of the Act. See e.g. United States v. $186,416 in United States Currency, 722 F.3d 1173, 1176 (9th. Cir. 2013) (opining although attorney has no statutory right to the direct payment of the attorney's fee award under the EAJA, parties can contract for such a direct assignment, and Government must either waive the requirements of the Anti-Assignment Act or the assignment must comport with the Act in order to effectuate direct payment to the attorney). Further, EAJA fees are subject to offset if the prevailing party owes a government debt. Id. citing Astrue v. Ratliff, 560 U.S. 586, 591–97 (2010).